FISHER & PHILLIPS LLP
BRIAN L. BRADFORD, ESQ.
Nevada Bar No. 9518
300 S. Fourth Street, Suite 1500
Las Vegas, NV 89101
Telephone: (702) 252-3131
E-mail Address: bbradford@fisherphillips.com

KINNEY, ELLINGHAUSEN & DESHAZO
MICHAEL L. DESHAZO, ESQ.
1250 Poydras Street, Suite 2450
New Orleans, Louisiana 70113
Telephone: (504) 524-0206
E-mail Address: mdeshazo@kinneylaw.com
Admitted Pro Hac Vice

Attorneys for Plaintiff PSX, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PSX, INC., a Louisiana Corporation; | Case No. 2:19-cv-01478-KJD-VCF |
| Plaintiff, | |
| v. | **STIPULATION AND ORDER TO AMEND COMPLAINT PURSUANT TO LR 7-1, AND LR 15-1** |
| Gilberto S. Medina, Jr., an individual; | |
| Defendant. | |

THE PARTIES TO THIS ACTION, by and through the parties' counsel of record, hereby stipulated as follows:

The parties hereby stipulate, subject to this Court's approval, that Plaintiff PSX, Inc. is permitted to file and serve the First Amended Complaint attached hereto as **Exhibit 1**, within ten days of approval by this Court. This parties enter this stipulation for good and not for any improper purpose, such as to harass or cause necessary delay.

/ / /

/ / /

/ / /

/ / /

– 1 –

1   The caption shall be amended accordingly.  Defendant's Motion to Dismiss for Failure

2   to Join Necessary Party (ECF No. 12) shall be dismissed as moot upon Plaintiff's filing

3   of its First Amended Complaint.

4          Dated this 30th day of December 2019.

5   FISHER & PHILLIPS LLP                    RICE REUTHER SULLIVAN &

6                                            CARROLL, LLP

7   /s/ Brian L. Bradford, Esq.             /s/ David A. Carroll, Esq.

8   BRIAN L. BRADFORD, ESQ.                 DAVID A. CARROLL, ESQ.
    300 S. Fourth Street                    3800 Howard Hughes Parkway
    Suite 1500                              Suite 1200
9   Las Vegas, Nevada 89101                 Las Vegas, Nevada 89169

10  Attorneys for Plaintiff PSX, Inc.       *Attorneys for Plaintiff*

11

12  IT IS SO ORDERED this _____ 31st day of _____ December _____, 2019.

13

14

15  _____

    UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

FP 36632993.2

# EXHIBIT 1

FISHER & PHILLIPS LLP
BRIAN L. BRADFORD, ESQ.
Nevada Bar No. 9518
300 S. Fourth Street, Suite 1500
Las Vegas, NV 89101
Telephone: (702) 252-3131
E-mail Address: bbradford@fisherphillips.com

KINNEY, ELLINGHAUSEN & DESHAZO
MICHAEL L. DESHAZO, ESQ.
1250 Poydras Street, Suite 2450
New Orleans, Louisiana 70113
Telephone: (504) 524-0206
E-mail Address: mdeshazo@kinneylaw.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| PSX, INC., a Louisiana Corporation; | ) | Case No. 2:19-cv-01478-KJD-VCF |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **FIRST AMENDED COMPLAINT** |
| GILBERTO S. MEDINA, JR., an individual; and CCS PRESENTATION SYSTEMS, LLC, an Arizona Limited Liability Company, | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

Plaintiff PSX, Inc. ("PSX" or "Plaintiff"), by and through its undersigned counsel, complains against Defendant, Gilberto S. Medina, Jr. ("Medina") and CCS Presentation Systems, LLC ("CCS"), and alleges as follows:

I. **SUMMARY OF THE ACTION**

1. This Complaint arises from undeniable evidence that: (a) Medina began competing with former employer, PSX, while he was still working for and conducting business on behalf of PSX, and is presently competing with PSX using unfair and unethical business practices, not to mention using PSX's confidential and trade secret

information for the benefit of another competitor; (b) Medina copied, retained, and continues to possess without authorization a large amount of proprietary, confidential, and trade secret information of PSX, including a comprehensive client list with confidential details about PSX's clients and prospective clients; (c) on or around April 5, 2019, the same day he resigned from PSX, Medina sent from his personal e-mail account a large amount of Confidential Information and PSX's Trade Secrets, including (as further described below) information and attachments containing price lists and client and prospective client contact information; and (d) since the time that Medina stopped performing services on behalf of PSX in April of 2019, he was subsequently hired by CCS Presentation Systems, LLC ("CCS") and began to solicit PSX's employees and clients using PSX's confidential and trade secret information while he was still employed by PSX, (as set forth below and above) including, but not limited to, contact information of employees and clients that is not generally available from public sources and was compiled by PSX through significant effort and time.

2.      Plaintiff seeks permanent injunctive relief from this Court to compel Medina, to (a) refrain from disclosing and using any of Plaintiff's confidential and trade secret information; (b) order Medina to return to Plaintiff the property that that Medina wrongfully took; (c) prohibit Medina from further benefiting financially from their unlawful solicitation of clients using PSX's confidential and trade secret information; and (d) prohibit Medina from soliciting PSX's clients and unfairly competing with PSX in the course of providing his services to CCS.

## II.      THE PARTIES

3.      Plaintiff PSX, Inc. ("PSX") is a corporation organized and existing under the laws of the state of Louisiana, maintaining its principal place of business in Covington, LA at 150 New Camellia Blvd., Covington, LA 70433.

4.      Plaintiff is informed and believes and on that basis alleges that Gilberto Medina is an individual residing in Clark County in the city of Henderson, Nevada.

/ / /

FP 36815118.1

5. Medina was hired by PSX on or about August 29, 2016 to work as Director of Business Development and Management, Western Division, of PSX. Thereafter, he continued providing services to PSX and conducting business on behalf of PSX until on or about April 5, 2019.

6. Plaintiff is informed and believes and on that basis alleges that Medina is currently employed by CCS Presentation Systems, LLC ("CCS"), an Arizona limited liability company, licensed to conduct business and is conducting business in the State of Nevada. CCS is also engaged in the highly competitive commercial audiovisual industry. CCS is a direct competitor of PSX.

7. Plaintiff is informed and believes and on that basis alleges that Defendants, and each of them, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so. Upon further information and belief, Defendants, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing PSX harm.

## III.  JURISDICTION AND VENUE

8. The Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because this action involves claims asserted pursuant to the federal Defend Trade Secrets Act (18 U.S.C. §§ 1830, *et seq*.) and the federal Computer Fraud and Abuse Act (18 U.S.C. §§ 1030, *et seq*.). Injunctive relief is sought pursuant to Federal Rule of Civil Procedure 65.

9. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 to consider Plaintiff's claims under Nevada common law, the Nevada Trade Secrets Act, and other Nevada statutes.

10. Venue is proper in this judicial district as to Medina pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims

occurred in this judicial district.  Medina was performing services on behalf of PSX out of PSX's Nevada-based office from on or about August 29, 2016 until on or about April 5, 2019.

## IV.    FACTUAL ALLEGATIONS

### PSX's Business Overview

11.     Headquartered in Louisiana with an office in Nevada, PSX has provided state-of-the-art technology and advanced systems integration since 1996.

12.     PSX specializes in the design, engineering, fabrication and installation of custom audio, video, lighting, show control, digital signage networks, software systems, and infrastructure for casinos, convention centers, hotels, day/night clubs, theme parks, restaurants, schools, universities, and other venues around the world.  Indeed, PSX is one of the most experienced companies in the United States delivering advanced audiovisual systems for the casino market.  PSX prides itself on ensuring client satisfaction and providing their clients with innovative, leading edge designs at the forefront of new technologies.

### PSX's Trade Secrets and Confidential Database

13.     PSX's business is client-driven,  and as an integral part of its business, PSX has developed, compiled and maintains a database that contains and collectively compiles detailed confidential, private, proprietary, and trade secret information and data including, but not limited to:  (a) names/identities of clients and prospective clients (where names and identities of such clients and prospective clients are not generally available and not publicly disclosed by either PSX or the client or prospective client); (b) the primary contact person(s) for each client and prospective client; (c) client service histories (including, among other things, negotiated rates, pricing models, historical orders, specifications, and preferences, financial information, and revenues from each client); (d) sales strategies, performance reports, presentations, revenue projections, stock projections, sales goals, histories, and performance indicators; and (e) other non-public financial information of PSX that would be valuable for a competitor to have.

Collectively, the foregoing categories of information, whether the information is in the actual Database, in any other electronic or paper form, or in a person's head as information the person was exposed to while conducting business on behalf of PSX, are referred to herein as "**Trade Secrets**."

14. PSX's Trade Secrets were compiled and developed by PSX over many years through substantial efforts and trial-and-error. PSX has expended a great deal of time, money and effort identifying, cultivating relationships with, and servicing the needs of its clients and prospective clients. To aid this process, PSX invested a substantial amount money developing its database. PSX derives substantial benefit by maintaining the confidentiality of the Trade Secrets in its database, and disclosure and use of this information would be injurious to PSX.

15. PSX's Trade Secrets, all of which are a product of substantial time and expense, are not generally known to the public. PSX's Trade Secrets are not readily ascertainable in PSX's industry or in any type of trade or public directory or any other source. Additionally, this information was secured with considerable time, effort and expense to PSX, and is not readily ascertainable by others including PSX's competitors.

16. Plaintiff's database facilitates seamless client relations, operations, and business development. It allows PSX to ensure prompt responsiveness to client needs and requests. To that end, the clients' and prospective clients' history, orders, specifications, preferences, and pricing are accessible via this proprietary Database solely to PSX employees who have a need-to-know basis for this information for purposes of performing their jobs.

17. PSX's Trade Secrets would provide a substantial competitive advantage if acquired by any competitor, as the Trade Secrets would allow a competitor (and have allowed Medina) to: (a) target PSX's clients and prospective clients; (b) inform the competitor of the specific person(s) to contact; (c) inform the competitor of the clients' preferences and order history; (d) inform the competitor of the negotiated discount rates, and specific pricing history for these clients, and thereby allow the competitor to undercut

FISHER & PHILLIPS LLP
300 S. Fourth Street, Suite 1500
Las Vegas, Nevada 89101

FISHER & PHILLIPS LLP
300 S. Fourth Street, Suite 1500
Las Vegas, Nevada 89101

PSX's rates; and (e) otherwise allow the competitor to profit from PSX's extensive and proprietary legwork in establishing and growing its business.

18. PSX's Trade Secrets are a direct result of PSX's marketing and sales efforts, in addition to the time and monetary investment PSX has made in developing its worldwide business reputation and standards. PSX has invested and continues to invest significant time and resources to gather, capture, and compile accurate information regarding its clients and prospective clients. Thus, the identity, direct contact information, sales discounts and contract terms offered to clients of PSX are highly valuable assets that, if disclosed, would benefit PSX's competitors and undermine and injure PSX's business.

19. PSX's Trade Secrets are valuable to PSX, and the value of PSX's Trade Secrets lies primarily in being kept secret and not generally known. For that reason, PSX has taken, and continues to take, careful, substantial, and reasonable steps to safeguard the secrecy of its Trade Secrets, including, but not limited to: (a) imposing strict confidentiality standards in the PSX Employee Handbook; (b) emphasizing to employees, contractors, and service providers and reminding them of PSX's need to keep this information a secret; (c) requiring, as a condition of employment, that Medina promise not to use or disclose this information, except in the performance of his duties for PSX and/or while conducting business on behalf of PSX; (d) limiting access and/or restricting access to this information by employees and contractors/vendors on a need-to-know basis; (e) requiring coded passwords to access PSX's database and other electronic systems, networks, servers, and computers of PSX; and (f) implementing a number of physical and electronic security measures, including restricting access to databases and network space, assigning passwords and user-level permissions to access information on PSX's computers and electronic system, servers, and networks, and requiring that Trade Secrets be kept in secure locations when not in use.

20. In the course and scope of his duties to PSX, and in order to conduct business on behalf of PSX, Medina was given access and authorization to use and used

Plaintiff's Trade Secrets and Confidential Information (defined below) for the purpose of performing services and conducting business on behalf of PSX.

## PSX's Confidential Information

21.     In addition to Trade Secrets (as defined above), PSX maintains other information as confidential that has value for PSX in being kept confidential but does not qualify as a trade secret under applicable state or federal law (such information is referred to herein as "**Confidential Information**").  PSX's Employee Handbook, which Medina helped create and was required to follow while conducting business for PSX, refers to both "confidential information" and "trade secrets" in discussing how essential it is that Medina not disclose any trade secrets or confidential information.

22.     PSX's Confidential Information encompasses all information belonging to PSX other than Trade Secrets (as defined above) that is proprietary and confidential in nature, whether the information is reduced to writing or in a form from which such information can be obtained, translated or derived into reasonably usable form, and whether the information is simply in an individual's head, that:  (a) has been provided to Medina while providing services for PSX and/or while conducting business on behalf of PSX; (b) that Medina gained access to while providing services to and/or while conducting business on behalf of PSX; or (c) was developed by Medina in the course of working for PSX.

23.     PSX's Confidential Information includes all information, correspondence, documents, and other property (whether tangible or intangible) that PSX owns that do not qualify as a trade secret under applicable state or federal law.

24.     Examples of PSX's Confidential Information include, but are not limited to:  (a) information believed by PSX to be a Trade Secret (as defined above) that ultimately does not qualify as a trade secret under applicable state or federal law but nonetheless was maintained by PSX as confidential; (b) the non-trade secret but still proprietary or confidential methods, strategies, programs, and systems used by PSX in soliciting, marketing, selling and providing its products to its clients; (c) non-trade secret

– 7 –

but still proprietary or confidential financial and accounting information (such as cost, pricing and billing information, price lists, financial policies and procedures, estimating processes, revenues, and profit margins, targets, and forecasts); (d) non-trade secret but still proprietary or confidential information concerning PSX's clients and prospective clients (including, but not limited to, personal and/or private information and data that clients and prospective clients expect PSX to keep as confidential, and correspondence such as emails, letters and text messages with clients and prospective clients); (e) non-trade secret but still proprietary or confidential information concerning PSX's independent contractors, subcontractors, vendors, and suppliers (including lists of all the foregoing); and (f) non-trade secret but still confidential or private information of third parties that PSX has contractual and/or legal obligations to maintain as confidential.

25.     As with its Trade Secrets, PSX takes the same reasonable steps described above, to safeguard its Confidential Information from unauthorized disclosure.

### Summary of PSX's Business and Relationship with Gilberto Medina

26.     Over the past 23 years PSX has steadily expanded its business to become one of the most experienced companies delivering advanced audiovisual systems, serving an extensive list of clients throughout the United States and internationally.

27.     Throughout his employment, Medina helped create the PSX Employee Handbook.

28.     In pertinent part, the PSX Employee Handbook states as follows: "You may, in the course of your work, have access to information about the Company, other employees or clients, which is confidential.  This information is not to be revealed to anyone other than in the normal course of conducting your duties and responsibilities. Disclosure of such information is prohibited and could result in disciplinary action, up to and including termination of employment."

29.     The PSX Employee Handbook also states: "In order to compete effectively and fairly in the marketplace with our many competitors, PSX, Inc. must remain alert to changes in services and products offered to the public by our competitors.

FP 36815118.1

FISHER & PHILLIPS LLP
300 S. Fourth Street, Suite 1500
Las Vegas, Nevada 89101

Employees may not, however, seek to gain this information improperly. For example, it is prohibited to hire an employee of a competitor to gain access to that competitor's trade secrets or proprietary information. Similarly, an employee or former employee is prohibited from providing such confidential information to our competitors."

30. On or about August 26, 2016, PSX hired Medina to work in an executive management position, as Director of Business Development and Management, Western Division. Upon his date of hire, PSX began sharing Confidential and Proprietary Client Information and Trade Secrets with Medina, and introduced him to existing contacts and clients of PSX.

31. Throughout his employment, Medina helped create the PSX Employee Handbook, which outlined his obligation to protect PSX's Trade Secrets and confidential and proprietary information.

32. Throughout his employment, PSX gave Medina increasing amounts of responsibility and exposed him to additional aspects of the business, introduced him to long-time clients and distributors, and entrusted him with PSX's most confidential and proprietary information and client relationships.

33. By virtue of his position as Director of Business Development and Management and the business that Medina was asked to conduct on behalf of PSX, Medina was placed in a position of trust and confidence and was provided increasing levels of access to PSX's Trade Secrets and Confidential Information and was asked and expected to help protect PSX, its assets, and its future from harm.

34. Throughout Medina's time providing services and conducting business on behalf of PSX, Medina was required to enter all client contact information, inquiries, orders and other pertinent information into PSX's database.

35. Medina was expressly authorized to access PSX's Trade Secrets, Confidential Information and Database to conduct business on behalf of (and for the benefit of) PSX through April 5, 2019.

/ / /

36.     Medina was issued a Company-owned laptop computer and other Company property.  The laptop computer allowed Medina to gain remote access to Trade Secrets, Confidential Information, and other digital proprietary data belonging to PSX and contained in PSX's Database (including all pertinent confidential information of its clients and prospective clients).  Authorized users are granted access to better serve PSX, PSX's business, its clients and prospective clients.

37.     Thus, Medina had the privilege of access to all Confidential Information, Trade Secrets and proprietary information belonging to PSX and its clients through his Company-issued laptop computer and other Company property.  Medina was responsible for following PSX's policy and taking the lead in protecting PSX and its Trade Secrets and Confidential Information from disclosure and abuse.

38.     Plaintiff is informed and believes and on that basis alleges that during his employment, Medina successfully diverted multiple prospective clients, prospective projects, and former employees from PSX for his personal benefit and the benefit of others, including his current employer CCS.

### The End of Medina's Relationship with PSX

39.     Plaintiff is informed and believes and on that basis alleges that beginning on or about January of 2019, and thereafter through the present, Medina attempted to lure employees, as well as current and prospective clients, from PSX to CCS by using PSX's Trade Secrets and Confidential Information to solicit its employees, clients, prospective clients, and projects.  Medina's scheme was successful.  Medina engaged in such conduct in direct violation of his above-mentioned obligations under the Employee Handbook, for the benefit of Medina and his current employer CCS.

40.     On or around February 13, 2019 and March 11, 2019, Medina conspired with CCS, for the purpose of soliciting PSX's employees, clients, prospective clients, and projects, for the benefit of Medina and CCS.  Specifically, Plaintiff is informed and believes on that basis alleges that on or around February 13, 2019, Medina met with David Peterson, Integration Manager for CCS to discuss a plan to have Medina, along

– 10 –

1   with several other key PSX employees defect to CCS and to bring PSX's casino industry

2   clients with them.

3       41.    On or about April 5, 2019, Medina resigned from PSX.  Shortly before

4   his resignation, Medina sent from his personal e-mail account a large amount of

5   Confidential Information and PSX's Trade Secrets, including (as further described

6   below) information and attachments containing price lists and client and prospective

7   client contact information.

8       42.    Plaintiff is informed and believes and on that basis alleges that Medina,

9   with the knowledge and approval of CCS, continues through the present to use PSX's

10  Trade Secrets and Confidential Information as part of an active scheme to steal

11  employees, clients, prospective clients, and projects and deliberately interfere with

12  existing and prospective business relationships for the benefit of Medina and his current

13  employer CCS.

14      43.    Plaintiff is informed and believes and on that basis alleges that CCS,

15  armed with knowledge provided by Medina, has solicited PSX's existing clients,  armed

16  with the knowledge of PSX's confidential information such as customer identities, and

17  PSX's pricing and billing information for existing projects, and has attempted to use such

18  knowledge to PSX's disadvantage.

19      44.    Defendants' conduct, as alleged above, has caused Plaintiff substantial

20  loss and irreparable harm including, but not limited to, the loss of substantial revenues

21  and clients, as well as reputational harm and loss of goodwill, and will continue to cause

22  Plaintiff such harm unless and until he is preliminarily and permanently enjoined from

23  his continuing improper conduct. Accordingly, PSX is entitled to damages to be proven

24  at trial and injunctive relief.

25  / / /

26  / / /

27  / / /

28  / / /

## COUNT I

**(Misappropriation of Trade Secrets in Violation of the Defend
Trade Secrets Act, 18 U.S.C. §§ 1831 *et seq.*)
(Against All Defendants)**

45.     Plaintiff re-alleges and incorporates by this reference the allegations set forth in Paragraphs 1 through 43.

46.     PSX's Trade Secrets alleged above constitute trade secrets under the Defend Trade Secrets Act (18 U.S.C. §§ 1831 *et seq.*).

47.     PSX's Trade Secrets are valuable because they are not generally known or readily accessible, through proper means, to others who can profit from use of the Trade Secrets.

48.     PSX has taken more than adequate measures under the circumstances to maintain the secrecy of this information, including requiring computer access passwords to be used to access PSX computer systems and records, restricting access to its business premises, and issuing an Employee Handbook, as well as PSX's Terms of Employment, that expressly prohibits the use, removal and disclosure of such information outside of PSX.

49.     The foregoing conduct of Defendants constitutes an actual and threatened misappropriation and misuse of PSX's Trade Secret information in violation of the Defend Trade Secrets Act, 18 U.S.C. §§ 1831 *et seq.*

50.     Defendants' actions with respect to PSX's Trade Secrets, as alleged above, for the benefit of Defendants, was a deliberate collective scheme and plan to deprive PSX of the exclusive benefits of PSX's own substantial investment and efforts and steal the fruits of years of PSX's labor.

51.     PSX is informed and believes that Defendants continue to possess, use, and disclose PSX's misappropriated Trade Secrets for the benefit of Defendants. Medina's conduct therefore threatens further wrongful misappropriation, use, disclosure, and destruction of PSX's Trade Secrets.

/ / /

FISHER & PHILLIPS LLP
300 S. Fourth Street, Suite 1500
Las Vegas, Nevada 89101

52.     As a consequence of the foregoing, PSX has suffered and will continue to suffer injury, damages, and irreparable harm and loss.  Accordingly, PSX is entitled to damages to be proven at trial and injunctive relief.

53.     PSX has no adequate remedy at law for these injuries unless and until Defendants are restrained from using PSX's misappropriated Trade Secrets in the future and ordered to return such information and property to PSX, because calculations of damages will be difficult and PSX will be compelled to bring multiple suits to protect its interest.  Plaintiff is informed and believes and on that basis alleges that PSX sustained significant harm including but not limited to damage to its reputation and goodwill, and the disruption of its operations and client relationships as a result of Defendants' conduct and will continue to do so unless and until he is preliminarily and permanently enjoined from his continuing improper conduct.

54.     PSX, therefore, is entitled to a preliminary and permanent injunction, as prayed for herein, prohibiting Defendants from further acts of misuse and disclosure of PSX's misappropriated Trade Secrets and ordering Defendants to return such Trade Secrets to PSX immediately.

55.     PSX is informed and believes that Defendants' conduct was, and is, malicious, fraudulent, deliberate and willful, as revealed by Defendants' conduct described above.

56.     PSX is entitled to an award of attorneys' fees pursuant to 18 U.S.C. § 1836(b)(3)(D).

## COUNT II
**(Misappropriation of Trade Secrets in Violation of the
Nevada Trade Secrets Act, NRS §§ 600A.010 *et seq.*)
(Against All Defendants)**

57.     Plaintiff re-alleges and incorporates by this reference the allegations set forth in Paragraphs 1 through 55.

58.     PSX's Trade Secrets alleged above constitute trade secrets under the Nevada Trade Secrets Act (NRS § 600A.010 *et seq.*), and contain information which is

FP 36815118.1

not generally known to the public or to PSX's competitors, who can obtain economic value from disclosure and use of such information in their own interest since the information was compiled based on PSX's years of experience in business. This information is a valuable asset in that it provides PSX a competitive advantage over others. As set forth herein above, PSX has made reasonable efforts to protect the secrecy of its Trade Secrets, including setting forth confidentiality rules and policies and implementing security systems on PSX's computer system to prevent unauthorized access or disclosure.

59. Defendants' actions with respect to PSX's Trade Secrets, as alleged above, were a deliberate collective scheme and plan to deprive PSX of the benefits of PSX's own substantial investment and efforts and steal the fruits of years of PSX's labor.

60. PSX is informed and believes that Defendants continue to possess, use, and disclose PSX's misappropriated Trade Secrets for the benefit of Defendants. Defendants' conduct therefore threatens further wrongful misappropriation, use, disclosure, and destruction of PSX's Trade Secrets.

61. As a proximate result of Defendants' acts as alleged above, PSX will continue to suffer injury, damages, and irreparable harm and loss unless Defendants are enjoined. Accordingly, PSX is entitled to damages to be proven at trial and injunctive relief.

62. PSX has no adequate remedy at law for these injuries unless and until Medina is restrained from using PSX's misappropriated Trade Secrets in the future and ordered to return such information and property to PSX, because calculations of damages will be difficult and PSX will be compelled to bring multiple suits to protect its interest. Plaintiff is informed and believes and on that basis alleges that PSX sustained significant harm including but not limited to damage to its reputation and goodwill, and the disruption of its operations and client relationships as a result of Defendants' conduct and will continue to do so unless and until he is preliminarily and permanently enjoined from his continuing improper conduct.

– 14 –

63.     PSX, therefore, is entitled to a permanent injunction, as prayed for herein, prohibiting Defendants from further acts of misuse and disclosure of PSX's misappropriated Trade Secrets and ordering Defendants to return such Trade Secrets to PSX immediately.

64.     PSX is informed and believe that Defendants' conduct was, and is, malicious, fraudulent, deliberate and willful, as revealed by Defendants' conduct described above.  PSX is entitled to an award of attorneys' fees pursuant to NRS § 600A.060.

## COUNT III
### (Violation of the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030, *et seq*. – Based on Unauthorized Access of Protected Computers) (Against Defendant Medina)

65.     Plaintiff re-alleges and incorporates by this reference the allegations set forth in Paragraphs 1 through 63.

66.     PSX's laptop computer and other electronic devices used by Medina are "protected computers" within the meaning of 18 U.S.C. § 1030(e) because these electronic devices were purchased by PSX then issued to Medina, who used these devices for the purposes of performing services for PSX.

67.     PSX is informed and believes and on that basis alleges that Medina knowingly, intentionally, and with the intent to defraud PSX and improperly acquire its Trade Secrets and Confidential Information, accessed PSX's laptop computer and other electronic devices without authorization and/or in excess of his authorized scope of access in an effort to download, transfer, and delete files containing PSX's confidential and proprietary files, Trade Secrets, Confidential Information, and other digital property.

68.     As a result, Medina caused PSX irreparable harm and loss to PSX's computers in excess of $5,000.

69.     As a consequence of the foregoing, PSX has suffered and will continue to suffer injury, damages, and irreparable harm and loss.  Accordingly, PSX is entitled to damages to be proven at trial and injunctive relief.

**FISHER & PHILLIPS LLP**
300 S. Fourth Street, Suite 1500
Las Vegas, Nevada 89101

70.     Although Medina has returned the laptop computer after retaining and accessing it without authorization, PSX has no adequate remedy at law as to its ongoing injuries unless and until Medina is restrained from using in the future any of PSX's Trade Secrets, Confidential Information, and other digital property that Medina, downloaded from the laptop computer without authorization, because calculations of damages will be difficult and PSX will be compelled to bring multiple suits to protect its interest.  Plaintiff is informed and believes and on that basis alleges that PSX sustained significant harm including but not limited to damage to its reputation and goodwill, and the disruption of its operations and client relationships as a result of Medina's conduct and will continue to do so unless and until he is preliminarily and permanently enjoined from his continuing improper conduct.

71.     PSX, therefore, is entitled to a permanent injunction, as prayed for herein, prohibiting Medina from further acts of misuse and disclosure of PSX's Trade Secrets, Confidential Information, and other digital property, as alleged herein.

**COUNT IV**
**(Breach of Fiduciary Duty and Duty of Loyalty)**
**(Against Defendant Medina)**

72.     Plaintiff re-alleges and incorporates by this reference the allegations set forth in Paragraphs 1 through 70.

73.     Medina had a fiduciary duty and duty of loyalty to PSX by virtue of his duties to act for the benefit of PSX in matters connected with his employment relationship with PSX and by the special confidence reposed in him by PSX.

74.     Medina owed to PSX a fiduciary duty and duty of loyalty to act toward PSX fairly, honestly, in good faith, with undivided loyalty, to avoid conflicts of interest, to maintain the confidentiality of PSX's Trade Secrets and Confidential Information, and to refrain from any act, or omission to act, calculated or likely to:  (a) injure PSX; (b) disclose PSX's Trade Secrets and/or Confidential Information to third parties; (c) disclose private information of PSX's clients and prospective clients to third parties; (d)

FP 36815118.1

misappropriate for his personal advantage or the advantage of any third party PSX's Trade Secrets, Confidential Information, and/or other proprietary information; and (e) usurp for his personal advantage or the advantage of any third party any business opportunity that is in the same line of business as PSX.

75. After Medina ceased performing services to PSX on April 5, 2019, Medina continued to owe a fiduciary duty to PSX to refrain from any act, or omission to act, calculated to or likely to disclose to third parties PSX's Trade Secrets and/or Confidential Information acquired during the course of Medina working for and conducting business on behalf of PSX, or to misappropriate to his personal advantage or the advantage of a third party such Trade Secrets and/or Confidential Information or any other property belonging to PSX.

76. Medina intentionally and knowingly breached his fiduciary duty or duty of loyalty owed to PSX by engaging in the conduct alleged above and, in particular, by: (a) taking and using PSX's Trade Secrets to solicit business from PSX's clients and prospective clients for Medina's own benefit, as well as for the benefit of CCS, during the course and scope of Medina conducting business on behalf of PSX and thereafter; (b) taking and using PSX's Confidential Information that PSX owns in accordance with NRS § 600A.030, as well as with PSX's Employee Handbook, to solicit business from PSX's clients and prospective clients for Medina's own benefit, as well as for the benefit of CCS, during the course of conducting business on behalf of PSX and thereafter; (c) usurping business opportunities of PSX for his own personal benefit or the benefit of a third party while conducting business on behalf of PSX; and (d) engaging in other acts of unfair competition.

77. As a direct and proximate result of Medina's breach of his fiduciary duty and duty of loyalty to PSX, PSX to date has suffered and will continue to suffer injury, damages, and irreparable harm and loss. Accordingly, PSX is entitled to damages to be proven at trial and injunctive relief.

/ / /

– 17 –

FISHER & PHILLIPS LLP
300 S. Fourth Street, Suite 1500
Las Vegas, Nevada 89101

78.     In committing the breach of fiduciary duties as described above, Medina is guilty of malice and oppression in that he secretly converted PSX's Trade Secrets and Confidential Information and has attempted to induce PSX's clients and prospective clients to do business with himself and potentially others including his current employer CCS, with the deliberate intent to benefit himself at the expense of harm to PSX's goodwill with its clients and prospective clients, and has acted with conscious disregard for PSX's rights.

## PRAYER FOR RELIEF

WHEREFORE, for the wrongful acts of all Defendants complained of in the foregoing causes of action, Plaintiff respectfully requests the following relief:

A.     Judgment in its favor and against the Defendants;

B.     An award of money damages in an amount to be proven at trial;

C.     Permanent injunctive relief, including an injunction prohibiting Defendants from:

1.     any further possession, disclosure, and/or use of PSX's Trade Secrets, Confidential Information, and other proprietary information, work product and property;

2.     accessing without authorization or in excess of authorized access, or damaging, PSX's database, Trade Secrets, Information and/or computers, smart phone and other electronic devices;

3.     revealing or disclosing PSX's Trade Secrets, Confidential Information, and/or contents of its database to any person or entity for any reason or purpose whatsoever, or making use of such information for Medina's benefit or for the benefit of any other person or entity;

/ / /

/ / /

/ / /

/ / /

FP 36815118.1

1         4.     engaging in unlawful, unfair, and fraudulent business practices,

2    including intentional interference with PSX's business relationships and contracts with

3    its clients, vendors, independent contractor and other third parties; and

4         5.     profiting or benefiting from his wrongful conduct;

5         D.     An order that Defendants return to PSX, and then purge from their

6    possession, custody and control, any and all documents, computer-based files or data, or

7    information in any form, whether originals, copies, compilations or derivations, which

8    were removed from any PSX-owned computer or electronic devices issued to Medina by

9    PSX, or which were obtained by Medina, or anyone acting on his behalf or in concert

10   with Medina;

11        E.     An order that Defendants return any and all confidential and/or trade

12   secret information of Plaintiff, and an order prohibiting any further use or benefit from

13   the use of said information;

14        F.     An order that Defendants cease soliciting PSX's clients, with the duration

15   of said enforcement order to begin upon entry of judgment in this action as the duration

16   of the covenant was tolled by Medina's prior and continuing breach;

17        G.     An order that Defendants inform PSX and the Court of all clients or clients

18   of PSX that Defendants contacted using PSX's Trade Secrets and/or Confidential

19   Information;

20        H.     An award in favor of PSX for its costs associated with this action,

21   including without limitation its attorneys' fees pursuant to the common law and under

22   the Defend Trade Secrets Act, the Nevada Uniform Trade Secrets Act, and Nevada law;

23        I.     An award of attorneys' fees pursuant to 18 U.S.C. § 1836(b)(3)(D) and

24   NRS § 600A.060;

25   / / /

26   / / /

27   / / /

28   / / /

FP 36815118.1

1  J.      Any such other legal and equitable relief as the Court deems appropriate.

2  DATED this ___ day of December 2019.

3                              FISHER & PHILLIPS LLP

4

5                              _____
                               BRIAN L. BRADFORD, ESQ.
6                              300 S. Fourth Street, Suite 1500
                               Las Vegas, Nevada 89101
7

8                              KINNEY, ELLINGHAUSEN & DESHAZO
                               MICHAEL L. DESHAZO, ESQ.
9                              1250 Poydras Street, Suite 2450
                               New Orleans, Louisiana 70113
10                             (Application for Admission Pro Hac Vice Pending)

11                             *Attorneys for Plaintiff*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FP 36815118.1